UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Demi Thrasher, Nichole Delaney,
Michael Delaney, and
Vickie Delaney,
    Plaintiffs

    v.                                  Case No. 17-cv-216-SM
                                        Opinion No. 2018 DNH 193
Bright Hospitality, LLC, d/b/a
Cabot Inn and Suites,
    Defendant

# **O R D E R**

Plaintiffs, Demi Thrasher, Nichole Delaney, Michael Delaney and Vickie Delaney, were guests at defendant Bright Hospitality, LLC, d/b/a Cabot Inn and Suites' property on August 27, 2016, when Thrasher, Nichole and Michael Delaney fell into an unguarded approximately ten-foot deep cement walkout on the hotel property, which was part of the loading dock leading to a storage area in the basement of the building. Plaintiffs subsequently filed suit, asserting claims of negligence and loss of consortium against the defendant. Defendant asserted an affirmative defense of comparative fault. Plaintiff now moves for summary judgment with respect to that affirmative defense. Defendant objects.

When ruling on a motion for summary judgment, the court is "obliged to review the record in the light most favorable to the

nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor."  Block Island Fishing, Inc. v. Rogers, 844 F.3d 358, 360 (1st Cir. 2016) (citation omitted).  Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

In this context, a factual dispute "is 'genuine' if the evidence of record permits a rational factfinder to resolve it in favor of either party, and 'material' if its existence or nonexistence has the potential to change the outcome of the suit."  Rando v. Leonard, 826 F.3d 553, 556 (1st Cir. 2016) (citation omitted).  Consequently, "[a]s to issues on which the party opposing summary judgment would bear the burden of proof at trial, that party may not simply rely on the absence of evidence but, rather, must point to definite and competent evidence showing the existence of a genuine issue of material fact."  Perez v. Lorraine Enters., 769 F.3d 23, 29-30 (1st Cir. 2014).  In other words, if the nonmoving party's "evidence is merely colorable, or is not significantly probative," no genuine dispute as to a material fact has been proved, and summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

So, to defeat a properly supported motion for summary judgment, the non-movant must support his or her factual claims with evidence that conflicts with that proffered by the moving party. See generally Fed. R. Civ. P. 56(c). It naturally follows that while a reviewing court must take into account all properly documented facts, it may ignore a party's bald assertions, speculation, and unsupported conclusions. See Serapion v. Martinez, 119 F.3d 982, 987 (1st Cir. 1997). See also Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Defendant's property, located in Lancaster, New Hampshire, is comprised of two buildings, a main building ("Building One"), and a smaller building across the road ("Building Two"). See Def.'s Obj. to Mot. for Summary Judgment, Exh. 12. Plaintiffs, in town for the wedding of a relative, were staying at defendant's property. Nichole Delaney and her parents, Michael and Vickie, were staying in Building One. See id., Exh. 1 at 16:1-17; Exh. 9 at 13:15-18. Nichole's cousin, Demi Thrasher, and her mother, Tammy, were staying across the road in Building Two, along with Tammy's dog. See id., Exh. 1 at 17:10-16; Exh.

3 at 11:13-16.  Behind Building Two was an unguarded below-ground-level walkout with concrete retaining walls.  See Pls.' Mot. for Summary Judgment, Exh. 1.

Following the wedding reception, Demi and Nichole, along with their mothers, took a shuttle bus back to the hotel.  See Def.'s Obj. to Mot. for Summary Judgment, Exh. 1 at 30:19-31:3.  The bus dropped them off in front of Building One.  See id., Exh. 3, 16:15-21.  Demi, Nichole and Demi's mother went to the Delaney's hotel room.  See id. at 16:22-17:4.  Demi and Nichole then decided to walk over to Building Two to find Tammy Thrasher, who they believed was walking her dog.  Id.

Michael Delaney had left the reception a bit earlier, and driven himself back to the Cabot Inn.  See Def.'s Obj. to Mot. for Summary Judgment, Exh. 9 at 17:10-16.  He returned to his hotel room, and made himself a cocktail.  See id. at 20:11-17.  However, he did not get to drink it because, once his wife returned to the room, he learned she had left her purse at the wedding reception site.  See id. at 21:15-22:1.  He promptly drove back to the reception site to retrieve the purse.  See id. at 22:2-21.

Meanwhile, Demi and Nichole walked to Building Two, and, while searching for Tammy around the building in the dark, fell

approximately ten-feet into the walkout onto a cement floor. See Def. Obj. to Mot. for Summary Judgment, Exh. 1 at 34:5-40:6. Both Demi and Nichole were injured from the fall, and Demi was unconscious. See id. at Exh. 6 at 1, 4. Nichole called her father, Michael (now driving back from the reception site), on her cell phone for assistance. See id., Exh. 1 at 43:9-23; Exh. 9 at 22:22-12. He drove into the parking lot in front of Building Two. See id., Exh. 9 at 25:1-9. It was dark, and he could not see anyone, but heard screaming. See id. at 25:19-23. He ran toward the screaming, and he also fell into the walkout, suffering injuries. Id. at 25:23-27:13; see also id., Exh. 10 at 1.

Michael, Nichole and Demi have admitted to drinking at the wedding reception. See Def.'s Obj. to Summary Judgment, Exh. 9 at 18:14-17; Exh. 3 at 15:10-16:4; Exh. 1 at 23:9-11. A sample of Demi's blood was drawn at the hospital following the incident that indicated a blood alcohol concentration of 0.232 grams per deciliter (g/dL). See id. at Exh. 4 at 3. Nichole admitted to the Lancaster Fire Department personnel responding to the accident scene that she had been drinking alcohol and was drunk, and similarly informed the emergency room physician. See id. Exh. 6 at 1; Exh. 7 at 1. While Michael does not dispute that he had been drinking at the wedding reception, he does dispute

5

the number of drinks consumed.  Michael told the Lancaster Fire Department that he had "several glasses of liquor while at a wedding," and advised the emergency room physician that he had consumed "six beers over the last several hours prior."  Id., Exh. 10 at 1; Exh. 11 at 1.  He now says that, while he "remember[s] having a couple," he does not believe he had as many as six beers because he "wasn't intoxicated.  [He] was driving."  Id., Exh. 9 at 18:14-19:9.

Plaintiffs argue that they are entitled to summary judgment on defendant's affirmative defense because defendant cannot meet its burden of proving comparative negligence.  In response, defendant (who takes the position that, by walking in the dark in an unfamiliar area while intoxicated, plaintiffs were at least comparatively negligent) argues that genuinely disputed material issues of fact preclude summary judgment at this time. Defendant argues that intoxication impaired plaintiffs' judgment, perception, and ability to exercise due care, resulting in an increased risk of harm.  In support of that position, defendant relies upon the expert report of two toxicologists who relate the "effect of intoxication with regard to coordination, decreased inhibition, judgment, confusion, motor impairment, observation, and reaction time."  Def. Mem. in Supp. of Objection to Summ. Judgment at 7.   Defendant further

disputes plaintiff's contentions that the area where plaintiffs fell was open to the public, or completely dark "such that nothing could be seen." Id. at 7-8.

While plaintiff asserts that defendant "has offered no evidence that the plaintiffs' intoxication caused them to fall into the pit" (pls.'s mem. in supp. of mot. for summary judgment at 4), that statement is not consistent with the record before the court. Indeed, defendant's experts directly opine that the plaintiffs' level of intoxication increased their odds of falling quite significantly. See Def.'s Obj. to Summary Judgment, Exh. 4 at 11. Accordingly, it does appear that material issues of fact preclude summary judgment on defendant's affirmative defense, specifically whether and to what extent plaintiffs' intoxication may have caused or contributed to the cause of their injury. Defendant's evidence is sufficient, at this juncture, to raise a question of fact for the jury.

Because the court concludes that the existence of a genuinely disputed material facts preclude the entry of summary

judgment on plaintiff's motion, plaintiff's motion (document no. 14) is **DENIED**.

		**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 24, 2018

cc:  Leslie C. Nixon, Esq.
     Gary M. Burt, Esq.